IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOHN ANDERSON                                                           PLAINTIFF

v.                           No. 3:19-cv-255-DPM

CITY OF WEST MEMPHIS; MARCO
McCLENDON, Mayor, in his official
capacity; E. C. WEST, Chief, in his official
capacity; LARTERRIOUS JOHNSON,
Officer, individually and in his official
capacity; SOUTHLAND RACING
CORPORATION, d/b/a Southland Casino
Racing; and PHAISON BOSTON, Security
Manager, Individually and as an agent on
behalf of Southland Casino Racing                                      DEFENDANTS

ORDER

Anderson, a black man, wouldn't show his ID to Southland's security manager, Boston, or leave the premises. Officer Johnson arrived after being contacted by Southland security. He arrested Anderson — physically and verbally assaulting him, Anderson says, in the process. Anderson was eventually acquitted of an unspecified misdemeanor. He has sued Officer Johnson, the West Memphis police chief, the West Memphis mayor, the city, Southland, and Boston. Anderson claims the non-city defendants conspired with the officer and city to violate Anderson's civil rights, contrary to 42 U.S.C. § 1985(3). He brings 42 U.S.C. § 1983 claims against the city defendants; as best

the Court can tell, Anderson directs these claims against Southland and Boston, too. № 12 at ¶¶ 1, 27.

Southland's and Boston's joint motion to dismiss is well taken. The only alleged interaction between them and public officials is that unnamed Southland security staff contacted Officer Johnson. Anderson hasn't pleaded with particularity any agreement or meeting of the minds between Southland and any public official; he therefore hasn't stated a § 1985 claim. *Kelly v. City of Omaha, Nebraska*, 813 F.3d 1070, 1077–78 (8th Cir. 2016). Likewise, his § 1983 claims against Southland and Boston fail for lack of alleged joint activity between them and any public officials. *Magee v. Trustees of Hamline University, Minnesota*, 747 F.3d 532, 536 (8th Cir. 2014).

\* \* \*

Motion, № 14, granted as modified: the amended complaint is dismissed without prejudice as to Southland and Boston for failure to state a claim. The complaint is murky as to Anderson's allegations under 42 U.S.C. § 1983 against the remaining defendants. The Court grants Anderson leave to file a second amended complaint against those defendants by 17 January 2020. If Anderson doesn't do so, then the Court will dismiss his amended complaint without prejudice.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

3 January 2020