IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOHN ANDERSON                                                                    PLAINTIFF

v.                                       No. 3:19-cv-255-DPM

CITY OF WEST MEMPHIS; MARCO
McCLENDON, Mayor, in his official capacity;
E. C. WEST, Chief, in his official capacity;
and LARTERRIOUS JOHNSON, Officer,
individually and in his official capacity                                      DEFENDANTS

ORDER

1. John Anderson was arrested for disorderly conduct at Southland Casino in November 2018. He has sued various state actors from West Memphis under 28 U.S.C. § 1983 alleging violations of his constitutional rights. He also asserts state law tort claims. This case is long-lived, and some claims and some defendants have been dismissed. *Doc. 25 & 37.* Here is what remains. Anderson alleges that West Memphis Police Officer Larterrious Johnson arrested him without probable cause and used excessive force during the arrest. Anderson claims that West Memphis has an institutionalized practice of unconstitutional arrests and excessive force. He also brings claims for assault and battery under Arkansas law. The defendants seek summary judgment on the remaining claims. The deep issue is whether Officer Johnson had arguable probable cause to arrest Anderson and is

therefore entitled to qualified immunity. The Court must first settle the record.

While defendants' motion for summary judgment was pending, Anderson moved to amend his complaint. Anderson amended his pleading twice early in the case. The deadline for proposed amendments was in January 2021, *Doc. 41*, some eight months before Anderson's latest motion. He has not shown good cause for a belated amendment. *Sherman v. Winco-Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). This record shows unjustified delay rather than diligence. The motion to amend will therefore be denied.

Many of the facts are undisputed. Where there is a genuine dispute of material fact, the Court views the record in the light most favorable to Anderson. *Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019). The Court will not, however, accept Anderson's version of a fact where it is "blatantly contradicted by the record"—in particular, the video tapes of the contested encounters—such that no reasonable juror could accept Anderson's version. *Scott v. Harris*, 550 U.S. 372, 380 (2007). The defendants correctly point out that Anderson's statement of disputed material facts, *Doc. 60–2*, is improperly formatted and lacks specific record cites to support his contentions. This violates Local Rule 56.1 and this Court's Final Scheduling Order, *Doc. 41 at 3–4*. Defendants also take issue with Anderson's post-deposition affidavit, *Doc. 60–1*, characterizing it as an attempt to conjure disputed facts.

Anderson can't contradict his earlier deposition testimony, but he may clarify or supplement it. *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1364–66 (8th Cir. 1983). The Court will therefore disregard Anderson's new words that contradict his prior sworn testimony or are legal conclusions.

    **2.** In late November 2018, Anderson was gambling at Southland Casino in West Memphis. Under Southland's policy, permanently excluded guests are not allowed inside the casino. Guests are prohibited from using another person's player's card. If a guest is caught using another person's player card, they are permanently excluded. Guests who refuse to provide identification upon request are asked to leave. Surveillance officials received an alert that Anderson was using an excluded guest's player's card. Southland security guard Tamela Epps was first to approach Anderson. Two additional, unnamed security guards accompanied her. Epps asked Anderson for his identification and he refused. Epps repeated her request, and recalls explaining that she needed to confirm whether he was the excluded guest. Anderson says he was never told why Southland security needed his ID. The Court accepts Anderson's memory.

    A few moments later, another security guard, Phaison Boston, arrived and asked Anderson for his ID. Anderson refused. According to Anderson, sometime during this exchange, he took out his ID, held it in his hand, and assured the security personnel he would give it to

them when he was told why it was needed. But, the video shows that the only items Anderson ever had in his hand were the receipt he printed from the roulette machine and his cell phone. Boston warned Anderson that if he didn't provide his ID, he would have to get police involved. Anderson continued to refuse. He says Southland security never asked him to leave the casino.

Boston stepped away and called Officer Johnson, a West Memphis Police Officer who was working overtime on site as security for the casino. Boston told Officer Johnson that Anderson was possibly trespassing, causing a disturbance, refusing to identify himself, and refusing to leave. Boston also told Officer Johnson that it's Southland's policy that guests who refuse to present identification upon request are asked to leave the property. Anderson testified that he could not hear what Boston said in this phone call.

When Officer Johnson arrived, the security shift manager, Jimmy Joyner, met him at the entrance and led him to Anderson, who had walked over to the cash-out area. Officer Johnson approached Anderson. What was said is disputed. The Southland security folks testified that the officer asked Anderson for identification. Officer Johnson testified that he asked for ID and Anderson refused. All of Anderson's complaints confirm this fact. On deposition, Anderson said he could not remember whether Officer Johnson asked for his ID. In his post-deposition affidavit, however, Anderson says that the officer

did not do so. The video shows them speaking at least once, if not twice, but does not include audio. At this point in the case, the Court assumes the officer did not ask for ID.

Officer Johnson placed Anderson under arrest for disorderly conduct. Anderson resisted being handcuffed by moving his arm away. After securing Anderson's hands, Officer Johnson escorted him outside. These events attracted other guests' attention. Epps, Boston, and Joyner followed Anderson and Johnson outside. Once outside, Officer Johnson searched Anderson and placed him in the patrol car.

The casino has provided video from various cameras. The video shows all of Anderson's interactions with the Southland employees and Officer Johnson. Anderson was later acquitted of disorderly conduct.

**3.** Some threshold points. First, all claims that law enforcement officers used excessive force in the course of an arrest must be analyzed under the Fourth Amendment's reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Anderson's Fifth, Eighth, and Fourteenth Amendment claims are therefore misplaced and will be dismissed without prejudice. *Andrews v. Neer*, 253 F.3d 1052, 1061 (8th Cir. 2001). Second, Anderson's individual-capacity claims against Mayor McClendon and Chief West will be dismissed with prejudice because McClendon wasn't mayor and West wasn't chief when Anderson was arrested in November 2018. Third, the official capacity claims against Mayor McClendon, Chief West, and Officer Johnson

duplicate the claims against the City of West Memphis. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). All those official capacity claims will be dismissed without prejudice.

**4.** Anderson's § 1983 claims against Officer Johnson for unlawful arrest and excessive force, and his § 1983 claims against the City, must be decided on the merits. They turn on whether Officer Johnson had arguable probable cause to arrest Anderson without a warrant. *Smithson v. Aldrich*, 235 F.3d 1058, 1062 (8th Cir. 2000). If so, he's entitled to qualified immunity even though Anderson was acquitted of disorderly conduct. Arguable probable cause exists if an officer makes an objectively reasonable decision in determining, in the moment, whether probable cause exists for an arrest. *Ulrich v. Pope County*, 715 F.3d 1054, 1059 (8th Cir. 2013). And probable cause doesn't require arresting officers to witness the potential criminal activity; they can rely on information provided by others who witnessed the activity, so long as the reliance is reasonable. *Kuehl v. Burtis*, 173 F.3d 646, 649 (8th Cir. 1999). Qualified immunity protects officers' judgment calls. But it is unavailable to those who either knowingly violate the law or are plainly incompetent. *Smithson*, 235 F.3d at 1062. Officer Johnson arrested and charged Anderson for disorderly conduct. The statute,

ARK. CODE ANN. § 5-71-207(a), is in the margin, with the potentially applicable provisions italicized.* Criminal trespass was not charged.

Did the circumstances provide arguable probable cause to make an arrest? *Devenpeck v. Alford*, 543 U.S. 146, 155 (2004); *Hosea v. City of St. Paul*, 867 F.3d 949, 956 n.6 (8th Cir. 2017). A layperson might say that Anderson's behavior was disorderly. But the Court is skeptical about whether it qualifies under Arkansas's statute. It's undisputed,

_____

* (a) *A person commits the offense of disorderly conduct if, with the purpose to cause public inconvenience, annoyance, or alarm or recklessly creating a risk of public inconvenience, annoyance, or alarm, he or she*:
  (1) *Engages in fighting or in violent, threatening, or tumultuous behavior;*
  (2) *Makes unreasonable or excessive noise;*
  (3) In a public place, uses abusive or obscene language, or makes an obscene gesture, in a manner likely to provoke a violent or disorderly response;
  (4) *Disrupts or disturbs any lawful assembly or meeting of persons;*
  (5) Obstructs vehicular or pedestrian traffic;
  (6) Congregates with two (2) or more other persons in a public place and refuses to comply with a lawful order to disperse of a law enforcement officer or other person engaged in enforcing or executing the law;
  (7) Creates a hazardous or physically offensive condition;
  (8) In a public place, mars, defiles, desecrates, or otherwise damages a patriotic or religious symbol that is an object of respect by the public or a substantial segment of the public; or
  (9) In a public place, exposes his or her private parts.
 (b) Disorderly conduct is a Class C misdemeanor.
ARK. CODE ANN. § 5-71-207.

however, that Southland's policies restrict access to its premises. Excluded guests aren't allowed on the property; and guests who use other guest's player's card are permanently excluded. Guests who will not provide ID are asked to leave. It's undisputed that Southland security thought Anderson was using an excluded guest's card. It's undisputed that, despite being asked on multiple times by Southland employees for his ID, he refused to provide it. It's undisputed that Southland security informed Officer Johnson that Anderson was, among other things, refusing to identify himself and refusing to leave. And its undisputed that Anderson did not identify himself or leave when Officer Johnson approached him.

Anderson emphasizes that he was a business invitee at Southland. This is true. The Arkansas statute provides that it's an affirmative defense to prosecution if someone is a guest or an invitee on the premises or the privately owned premises are open to the public. ARK. CODE. ANN. § 5-39-203(c)(1) & (4). It is likewise settled Arkansas law that an invitee's permission to remain on the premises can be revoked, and remaining thereafter is unlawful. ARK. CODE. ANN. § 5-39-101(4)(B)(i); *Yocum v. State*, 325 Ark. 180, 189, 925 S.W.2d 385, 389 (1996). When Boston called Officer Johnson for help with Anderson, he told him that Anderson may have been trespassing, was causing a disturbance, refusing to identify himself, and refusing to leave the casino. Anderson has not shown that it was unreasonable for

Officer Johnson to rely on Boston's information. *Keuhl*, 173 F.3d at 649. There's no evidence, for example, that others present provided Officer Johnson any contradictory details about Anderson's conduct or Southland policy. And there's no evidence that the officer saw Anderson acting any differently than described in the call. Officer Johnson therefore had at least arguable probable cause to arrest Anderson for criminal trespass.

Officer Johnson's decision on the disorderly conduct charge, even if mistaken, doesn't negate the arguable probable cause that existed on criminal trespass. *Devenpeck*, 543 U.S. at 155. If an officer says he's arresting you for crime X, where probable cause is absent, but he has probable cause to arrest you for crime Y, then the arrest is reasonable. *Devenpeck*, 543 U.S. at 153–55. Officer Johnson is therefore entitled to qualified immunity on the arrest claim.

Anderson also claims that Officer Johnson used excessive force and roughed him up during the arrest. He says Officer Johnson grabbed his arm to place him in handcuffs, pushed and pulled him out of the casino, slammed him into the patrol car, and kicked his legs apart to search him. The videos, however, show that events happened differently.

The video from inside the casino shows Anderson yanking his arm away from Officer Johnson as he first attempted to handcuff him; only then did Officer Johnson grab Anderson's arm. This video also

shows Officer Johnson walking Anderson out of the casino; no pushing or pulling occurred. The video from the casino parking lot shows Officer Johnson searching Anderson and placing him inside the cruiser. The video does not show Officer Johnson slamming Anderson into the car or kicking his legs apart. Epps, Boston, and Joyner, who witnessed the entire encounter, say that Anderson was not physically assaulted during the arrest. Anderson's version of the events is therefore "blatantly contradicted" by the video evidence of record. *Scott*, 550 U.S. at 380. No reasonable juror could find that Officer Johnson used excessive force. His actions were objectively reasonable in the circumstances. *Graham*, 490 U.S. at 395. He is therefore entitled to judgment as a matter of law on the excessive force claim. *Chambers v. Pennycook*, 641 F.3d 898, 905 (8th Cir. 2011).

5. Anderson's remaining federal claims are against the City of West Memphis. But, because Anderson's constitutional claims against Officer Johnson fail as a matter of law, his claims against the City also fail as a matter of law. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

6. Finally, the Court declines to exercise supplemental jurisdiction over the state law claims for assault and battery. 28 U.S.C. § 1367(c)(3); *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1016–17 (8th Cir. 2015).

\* \* \*

Motion for summary judgment, *Doc. 50*, mostly granted and partly denied. Motion to amend, *Doc. 72*, denied. Motion *in limine*, *Doc. 66*, denied as moot.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

28 March 2022